## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

| | |
|---|---|
| JAMAICA JACKSON, <br><br> Petitioner, <br><br> vs. <br><br> DES MOINES MUNICIPAL HOUSING AGENCY, <br><br> Respondent. | Civil No: 4:07-cv-00438-HDV <br><br><br><br> MEMORANDUM OPINION AND ORDER FOR JUDGMENT |

Petitioner Jamaica Jackson brought this certiorari action in the Iowa District Court in and for Polk County to reverse the decision of respondent Des Moines Municipal Housing Agency (DMMHA) terminating her housing subsidy.  Jackson claims that the process used by the DMMHA violated the procedural due process protections of the United States and Iowa Constitutions, and federal regulatory requirements.  Based on Ms. Jackson's federal claims, the DMMHA removed the case to this court, which has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.  Before removal, the Iowa District Court stayed termination of Ms. Jackson's benefits pending the resolution of this action.

The parties filed briefs on the merits, and oral argument was heard on April 16, 2008.  At oral argument, I allowed the parties to file supplemental briefs on the issue of the adequacy of the DMMHA's pretermination notice.  The parties filed these briefs, and the case is submitted.

### STANDARD OF REVIEW

In respect to procedure, this court abides by federal standards, including the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 81(c)(1) ("[t]hese rules apply to a civil action after

it is removed from a state court,"), and applicable Local Rules, see LR 1(c) ("the local civil rules govern all civil . . . proceedings . . .  to the extent they are not inconsistent with any statute or law of the United States, [or] any rule or order of the Supreme Court of the United States having the force of law . . . .").  The Federal Rules do not provide for a standard of review of state agency action.  The Supreme Court in <u>Chicago v. International College of Surgeons</u>, 522 U.S. 156, 171 (1997), suggests that a federal court reviewing a state agency's action, should apply the standard of review that would govern the state district court if that court would give deference to the state agency.

The parties cite Iowa standards governing certiorari review as controlling.  In Iowa District Court, a writ of certiorari may issue if an inferior tribunal, board or officer exercises judicial functions and acts illegally.  Iowa R. Civ. P. 1.1401.  Relief is limited to questions of the illegality of the act.  Iowa R. Civ. P. 1.1403.  Proceedings shall be sustained or annulled, wholly or in part, and the court shall subscribe the manner in which either party may proceed further. Iowa R. Civ. P. 1.1411.  The court may not enter a different or amended decree or order.  Iowa R. Civ. P. 1.1411.  When faced with an issue involving basic constitutional safeguards on certiorari, a court does not review de novo, but evaluates the facts from the totality of the circumstances.  <u>Iowa Freedom of Information Council v. Wifvat</u>,  328 N.W.2d 920, 922 (Iowa 1983) (citing <u>Hightower v. Peterson</u>, 235 N.W.2d 313, 317 (Iowa 1975)).  I review Ms. Jackson's claims accordingly.

## FACTS

Ms. Jackson receives federally financed, locally administered public housing assistance. <u>See</u> Title II, Section 8 of the Housing and Community Development Act of 1974, codified at 42

U.S.C. § 1437f(o); see also 24 C.F.R. §§ 982.1–.207.  According to federal requirements, see 24 C.F.R. §§ 982.551(e) & 982.551(h)(2), Ms. Jackson agreed in her lease to a prohibition against unauthorized people living, or receiving mail, at her residence.

In 2007, Ms. Jackson's DMMHA caseworker learned that police made four trips to her residence in 2006-07 for domestic disturbances.  Samuel Jackson, a person not authorized to reside at Ms. Jackson's residence, was involved in three of the disturbances.  After investigation, the caseworker learned from the postal service that Mr. Jackson received mail at the residence.  Ms. Jackson's caseworker met with her and told her that she had probably violated the unauthorized person policy of her lease.  The caseworker also warned Ms. Jackson that additional violations would put her continued assistance in jeopardy.

Later in 2007, the caseworker learned of a subsequent police report noting that while police were searching for an escaped convict, Mr. Jackson was "staying" at Ms. Jackson's residence and allowed them to search it.  The caseworker again verified with the postal service that Mr. Jackson received mail at the residence.  The caseworker then issued a termination of benefits notice and sent it to Ms. Jackson.  The pertinent parts of the notice read as follows:

> This notice is to inform you that your rental subsidy through the Section 8 Housing Choice Voucher Program will terminate effective **JULY 31, 2007**. . . . The termination is based on a violation of a policy stated in the agency's administrative plan and/or a violation of federal regulations.  The reason for termination is indicated below.
>
> 1.  Violation of obligations of the Family, 24 CFR 982.552(a)(1), 982.551(e) & 982.552(c)(1)(i)  Family may not commit any serious or repeated violation of lease. — Unauthorized People
> 2.  Violation of obligations of the Family, 24 CFR 982.552(a)(1), 982.551(b)(1)(2) 982.551(h)(2) & 982.552(c)(1)(i)  Unauthorized person(s) in the unit.

Admin. R., Ex. 1.  The notice also informed Ms. Jackson that she had a right to a pretermination hearing and that she could examine, and copy at her own expense, documents related to the hearing.

Ms. Jackson invoked her right to a hearing, but did not examine the related documents. At the hearing, the DMMHA presented police reports, landlord statements, and postal service records.  One police report and one postal service record were dated after Ms. Jackson's personal conference with her caseworker.  Ms. Jackson submitted two letters addressed to Mr. Jackson bearing an address that was not her residence.  Two family members and Mr. Jackson also testified that he did not live at the residence.  The hearing official affirmed the decision to terminate benefits.  His ruling repeated verbatim the allegations of violations from the DMMHA's termination notice.  The ruling held as follows:

**Decision**

I find that the Municipal Housing Agency followed procedural requirements, rules, and regulations in issuing its denial.  The termination of Section 8 rental assistance is hereby UPHELD.

Ms. Jackson argues that the notice of termination violated her right to due process and did not meet regulatory requirements because it did not allege facts establishing the purported violation, but instead only cited Code of Federal Regulations provisions prohibiting unauthorized persons from living in subsidized housing.  The DMMHA responds that the notice was sufficient, and if it was not, that Ms. Jackson's meeting with her caseworker gave her actual notice of the factual basis for termination and thereby satisfied due process and regulatory requirements.  Additionally, Ms. Jackson argues that both the hearing officer's failure to cite the factual and substantive reasons for his decision and the agency's failure to include in the record the materials that Ms. Jackson presented at the hearing violate due process and regulatory

4

requirements.  After Ms. Jackson filed her merits brief with this court, the DMMHA produced

Ms. Jackson's hearing exhibits along with the caseworker's notes leading up to termination and

the hearing officer's notes of the hearing.

**DISCUSSION**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution

prohibits termination of public assistance benefits without a prior evidentiary hearing.  Goldberg

v. Kelly, 397 U.S. 254, 261 (1970).  To ensure that the hearing is at a meaningful time and

proceeds in a meaningful manner, the recipient must "have timely and adequate notice detailing

the reasons for a proposed termination . . . ."  Id. at 267-68.  Timely and adequate notice is

"important in cases . . . where recipients have challenged proposed terminations as resting on

incorrect or misleading factual premises . . . ."  Id. at 268.  There is no constitutional deficiency

with "both a letter and a personal conference with a caseworker to inform a recipient of the

precise questions raised about [her] continued eligibility."  Id.  Informing a recipient of "the

precise questions raised about [her] continued eligibility . . . [and] the legal and factual bases for

the Department's doubts . . . is probably the most effective method of communicating with

recipients."  Id. at 268.

According to federal regulations, a public housing authority, before terminating

assistance, must issue a written notice containing a "brief statement of reasons for the decision."

See 24 C.F.R. § 982.555(c)(2)(i).

> The requirement of notice is to inform the tenant of the allegations so that he can
> prepare a defense.  Escalera v. New York City Housing Authority, 425 F.2d 853,
> 862 (2d Cir. 1970).  Thus, notice should be "sufficiently specific . . . to enable
> [the] applicant to prepare rebuttal evidence to introduce at his hearing
> appearance."  Billington v. Underwood, 613 F.2d 91, 94 (5th Cir.1980).

Edgecomb v. Housing Authority of Town of Vernon, 824 F. Supp. 312, 314-15 (D. Conn. 1993). A notice containing only a list of regulations that a recipient has allegedly violated is not a sufficient statement of reasons under § 982.555(c)(2)(i).  See Edgecomb, 824 F. Supp. at 314 (holding that a termination notice "in compliance with the regulations would state the particular [violation] and the person who allegedly committed it, and would give a brief factual statement concerning the incident.") see also Driver v. Housing Authority of Racine County, 713 N.W.2d 670, 673 (Wis. App. 2006) (holding that a notice of termination of section 8 benefits was deficient because it did not state who violated what obligation, when the violation occurred, or what incidents gave rise to the charges).

The DMMHA argues that its string citation of regulations that Ms. Jackson allegedly violated qualifies as a brief statement of reasons.  This is incorrect, however, because even a citation that includes a statement of the general language of a regulation is not sufficient to provide adequate notice.  See Billington v. Underwood, 613 F.2d 91, 94 (5th Cir. 1980) ("Such a statement must be sufficiently specific for it to enable an applicant to prepare rebuttal evidence to introduce at his hearing appearance.") The purposes of adequate notice, including having the opportunity to prepare for the hearing and rebut the agency's allegations, require that a statement of reasons include a brief description of the event including when it occurred, who was involved, and what provision was violated.  See id., see also Edgecomb, 824 F. Supp. at 314; Driver, 713 N.W.2d at 673.  The contents of the written notice to Ms. Jackson were not adequate.

Next, the DMMHA argues that the notice was adequate if considered in conjunction with the personal conference and Ms. Jackson's opportunity to review documents before the hearing. The DMMHA cites Goldberg for its statement that a written notice followed by a personal

6

conference satisfies due process.  The agency administering public assistance in <u>Goldberg</u>, 397

U.S. at 267-68, sent a notice of termination, which was followed by a personal conference with

the recipient.  In Ms. Jackson's case, however, she met with her caseworker and later received

the notice of termination.  In addition, at the hearing the DMMHA relied on factual bases for

terminating benefits that occurred after the personal conference—including that Mr. Jackson

allowed the police to search Ms. Jackson's residence and the caseworker's second verification

with the postal service that Mr. Jackson received mail there.  The personal conference did not

give actual notice of the DMMHA's reliance on these alleged violations because they occurred

later.  Moreover, even if the personal conference in conjunction with the written notice satisfies

the constitutional due process requirements of <u>Goldberg</u>, <u>id.</u>, the DMMHA's written notice still

failed to include a brief statement of reasons for its decision, as required by 24 C.F.R.

§ 982.555(c)(2)(i).

The DMMHA finally argues that because Ms. Jackson was allowed to evaluate hearing

documents beforehand, she had constructive notice of the allegations.  Again, this does nothing

to satisfy the requirement of a written notice including a brief statement of reasons for the

decision to terminate.  I conclude that because the DMMHA did not comply with 24 C.F.R.

§ 982.555(c)(2)(i), the entire termination of benefits process was invalid.  Thus, the DMMHA's

action terminating benefits will be annulled.

Because I conclude that the DMMHA's action must be annulled, it is not necessary to

evaluate Ms. Jackson's argument that the hearing officer's decision was inadequate.

**ORDER**

For the reasons articulated above, the clerk of court is **ORDERED** to enter judgment in

favor of petitioner Jamaica Jackson annulling in whole the termination of benefits proceedings against her and reinstating her section 8 benefits.  Respondent may commence rental subsidy termination proceedings anew that are in compliance with the requirements of procedural due process of law.

Dated this 4th day of June, 2008.

HAROLD D. VIETOR
Senior U.S. District Judge